**UNITED STATES of America,**
**Plaintiff,**

v.

**VARIOUS ARTICLES OF OBSCENE MERCHANDISE, SCHEDULE NO. 1213, Defendant.**

**No. 75 Civ. 1381.**

United States District Court,
S. D. New York.

June 12, 1975.

Stuart I. Parker, Asst. U. S. Atty., (Paul J. Curran, U. S. Atty., S.D.N.Y., on the brief), for plaintiff United States of America.

Alfred F. Koller, Jr., New York City, for claimant B. J. Hurwood.

WYATT, District Judge.

The trial of this action took place on May 16, 1975.

The action is under 19 U.S.C. § 1305 for the forfeiture of articles seized by the customs office at New York as "obscene".

There is one claimant, Mr. B. J. Hurwood, who contests the action, who appeared by counsel at the trial, and who testified.

Mr. Hurwood was the addressee of an airmail envelope from England, addressed with pen and ink printing. A customs officer examined the envelope and suspected that it contained obscene material. This was on the basis that the writing (printing) matched others in a shipment, on "feel", on country of origin, etc. The officer opened the envelope and found that it contained illustrated advertising material for obscene publications available by mail from Sweden. Claimant concedes that the material is "obscene" within the meaning of 19 U.S.C. § 1305 (Trial Memo, p. 12; SM 3, 24).

The claimant is a serious and responsible writer who has a professional interest in sex and wishes to have access to all material on the subject. He does not know the sender of the envelope here in question and does not appear to have solicited the mailing.

The point made for claimant is that the search and seizure of the first class mail addressed to him was illegal and a denial of due process. Claimant asks that the envelope and its contents be turned over to him.

The envelope seized was one which came from outside this country; the seizure was by a customs officer at a customs office; the seizure was directed by 19 U.S.C. § 1305.

There is no statutory prohibition against a search of first class mail coming from *outside* the country. The statute (39 U.S.C. § 3623(d)) prohibiting the opening of first class mail is only applicable to such mail "of domestic origin".

The question remains whether all first class mail envelopes coming into the country can be opened for inspection by a customs officer or whether such envelopes can only be opened for inspection if the officer has reasonable cause to suspect a violation of the import laws, more particularly in this case, 19 U.S.C. § 1305. Is the Fourth Amendment applicable to searches of first class mail by customs officers at the border? A recent decision of the Seventh Circuit Court of Appeals is that all first class mail from *outside* the country may be searched by customs officers. United States v. Odland, 502 F.2d 148, cert. denied, 419 U.S. 1088, 95 S.Ct. 679, 42 L. Ed.2d 680 (1974). This decision seems correct to me. See also United States v. Doe, 472 F.2d 982 (2d Cir.), cert. denied, 411 U.S. 969, 93 S.Ct. 2160, 36 L. Ed.2d 691 (1973).

In this District, Judge Duffy appears to have decided that opening a first class letter by a customs officer can only be justified if he has a "suspicion based on reason". United States v. Various Articles, etc., 363 F.Supp. 165, 168 (1973). With this decision of a scholarly colleague, I disagree, but if Judge Duffy be right (as he well may be), there is here a showing that the customs officer did in fact have a "suspicion based on reason".

There will be judgment of forfeiture, etc. of the envelope and contents claimed by Mr. Hurwood.

Settle judgment on notice.